Peggy S. Smegal filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order terminating R.C. 4123.56(B) wage loss compensation effective the date of new wage loss rules and which compels the commission to enter a new order terminating the compensation effective the date Ms. Smegal's employer filed a motion requesting the termination.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
Counsel for Ms. Smegal has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
Ms. Smegal formerly was employed with Society Corporation. She developed a series of wrist and hand problems which made her unable to continue in her position as an administrative manager. Her date of diagnosis is considered to be January 27, 1995.
In February of 1996, Ms. Smegal had surgery for wrist problems. In October of 1996, her treating physician reported that she was prohibited from repetitive activity with her right hand. As a result, she filed a motion seeking R.C. 4123.56(B) wage loss compensation. The compensation was granted following a hearing conducted December 20, 1996.
On May 9, 1997, Ms. Smegal was examined by a physician at the request of her former employer. The physician reported that the restriction of repetitive use of the right hand would continue indefinitely, but that Ms. Smegal was capable of many forms of full-time employment.
On May 15, 1997, new portions of the Ohio Administrative Code regarding wage loss became effective.
On July 18, 1997, Society Corp., now known as Key Corp., filed a motion requesting termination of the wage loss compensation "on the basis that the claimant has failed to comply with the rules required to demonstrate entitlement to wage loss compensation."
A district hearing officer issued an order terminating wage loss effective the date of the motion. Both Ms. Smegal and Key Corp. appealed. A staff hearing officer affirmed and both appealed again. However, Ms. Smegal dismissed her portion of this appeal prior to the next hearing.
The full commission ordered that the wage loss terminate effective the date of the new wage loss rules of the Ohio Administrative Code. The commission found that Ms. Smegal had not submitted sufficient information about her job search and had not engaged in a good faith effort to obtain suitable employment which would eliminate the wage loss.
Counsel for Ms. Smegal then filed the present mandamus action, claiming "the Industrial Commission acted contrary to law and abused its discretion in terminating wage loss compensation as of May 15, 1997." In briefing the case, counsel focused on the question of whether the application of the new provision of the Ohio Administrative Code to an injury which occurred before the effective date of the provision was a violation of the Ohio Constitution ban on retroactive laws.
We agree with the magistrate that applying new wage loss rules to ongoing payments of wage loss compensation by a self-insured employer is not a retroactive application of law so long as wage loss is not terminated effective a date prior to the effective date of the rules. We believe the commission could terminate the award for wage loss compensation applying the new rules, but could not make the termination effective prior to the date the self-insured employer filed a motion requesting termination.
We note that the self-insured employer had been paying the wage loss order up until the date of the motion with no apparent complaints about Ms. Smegal's employment with Mary Kay Cosmetics, coupled with temporary employment with Abba Express. Ms. Smegal was working two jobs which she estimated consumed thirty-five to forty hours per week. The various hearing officers doubted her estimate, but only after the motion was filed by the employer.
As a result of the foregoing, we sustain the objections in part and overrule them in part. We adopt the findings of fact contained in the magistrate's decision and the conclusions of law pertinent to the retroactive application of the Ohio Administrative Code. We do not adopt the conclusions of law otherwise.
We, therefore, grant a writ of mandamus compelling the commission to change the date of the termination for Ms. Smegal's wage loss compensation from the date of the effective date of the new wage loss rules (May 15, 1997) to the date of the filing of the motion requesting termination of the wage loss compensation (July 18, 1997).
Objections sustained in part and overruled in part; writgranted.
BOWMAN and BRYANT, JJ., concur.